# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: F.N. and G.N.

No. 16-0456 (Kanawha County 15-JA-126 & 15-JA-127)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.B., by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's February 22, 2016, order terminating his parental rights to two-year-old F.N. and one-year-old G.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Bryan B. Escue, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights based solely on his incarceration.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition against petitioner and the children's mother. In the petition, the DHHR alleged that petitioner was arrested and incarcerated in March of 2015 for fleeing police in a vehicle, speeding, reckless driving, prohibited driving in a center turn lane, failure to obey traffic control device, driving on an invalid license revoked for DUI, transferring and receiving a stolen vehicle, and possession of a controlled substance with the intent to deliver methamphetamine. While it was unclear from the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

allegations whether petitioner was then incarcerated in a regional jail or in a work-release program, the DHHR claimed that petitioner could not provide parental supervision, housing, food, clothing, and other necessities to the children because he was under the custodial supervision of the State of West Virginia for his criminal charges. The DHHR also alleged that petitioner had an extensive criminal history with eight felony convictions and a history with Child Protective Services ("CPS").

In July of 2015, the circuit court held a preliminary hearing. Petitioner was not present in person, but he was represented by counsel who admitted that petitioner was incarcerated at that time. The hearing was continued for purposes of allowing the DHHR to complete its notice to the parents. In August of 2015, the circuit court held a second preliminary hearing. At that hearing, petitioner appeared in person and by counsel and was said to have been released from his incarceration. At the conclusion of that hearing, the circuit court permitted the children to remain in the temporary custody of the DHHR and scheduled the matter for an adjudicatory hearing.

In September of 2015, the circuit court held an adjudicatory hearing. Petitioner was not present in person, but he was represented by counsel. At that hearing, a CPS worker testified that petitioner was again incarcerated at that time. The CPS worker explained that petitioner had an extensive criminal history, which included a record of eight felony convictions. When the CPS worker attempted to explain his incarceration by stating that she "belie[ved] [petitioner] broke his probation[,]" the circuit court sustained an objection to her testimony as speculative. At the conclusion of the hearing, the circuit court found that petitioner "continues to find himself incarcerated" and that "he's certainly not able to parent and definitely neglecting his children by his inability to stay out of jail long enough to even try to parent them." The circuit court adjudicated petitioner as an abusing parent.

In February of 2016, the circuit court held a dispositional hearing. Petitioner was not present in person, but he was represented by counsel. At that hearing, the CPS worker testified that petitioner remained incarcerated. The CPS worker explained that it was her understanding that petitioner was not scheduled to be released from jail "any time soon" and that petitioner could not complete services to reunify with his children from jail. The CPS worker recommended that petitioner's parental rights be terminated because there was no reasonable likelihood that the abuse and neglect could be corrected in the near future. At the conclusion of that hearing, the circuit court found that petitioner was not fit to parent and that there was no likelihood that he could gain the ability to parent in the near future. The circuit court further found that the children required permanency. Based on those findings, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

2

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children based solely on his incarceration. This Court has explained that incarceration may form the basis for a termination of parental rights. *In re Cecil T.*, 228 W.Va. at 96, 717 S.E.2d at 880. In *Cecil T.*, we explained that

When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875.

In this case, the CPS worker testified at the dispositional hearing that petitioner was incarcerated with eight pending criminal charges, including multiple felonies. Further, the CPS worker testified that it was her understanding that petitioner was not scheduled to be released "any time soon[.]" While petitioner now attempts to categorize his incarceration as "temporary," the evidence before the circuit court does not support that categorization. It is undisputed that petitioner was incarcerated, or in a restrictive work release program, at the outset of these proceedings in May of 2015. He remained incarcerated through the preliminary hearing in July of 2015; was released from incarceration for a short period in approximately August of 2015; and was reincarcerated for the remainder of the proceedings below, which included his incarceration during the adjudicatory hearing in September of 2015 and the dispositional hearing months later in February of 2016. Further, according to the CPS worker, he would not be

released "any time soon" and could not complete services to correct the conditions of neglect from jail.

Therefore, as to the length of his incarceration, uncontested evidence established that petitioner was incarcerated throughout the majority of the underlying proceedings and, by the time of the dispositional hearing, would likely not be released "any time soon[.]" As to the nature of his offenses, the CPS worker catalogued petitioner's charges to the circuit court, and those charges included three felony counts: fleeing police in a vehicle; possession with the intent to deliver methamphetamine; and transferring and receiving a stolen vehicle. As to the terms of petitioner's incarceration, the circuit court heard evidence that petitioner was housed in a regional jail and could not complete corrective services while so incarcerated. Based on that evidence, the circuit court found that there was no indication that petitioner could correct the conditions of neglect in the near future and that the children's best interests were served by terminating his parental rights. Following our review of the issue, we find no error in the circuit court's order terminating petitioner's parental rights to the children.

For the foregoing reasons, we hereby affirm the circuit court's February 22, 2016, order.

Affirmed.

**ISSUED**: November 14, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II